861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald J. STRABLE, Plaintiff--Appellant,
v.
The UNITED STATES TREASURY, the United Kingdom Inland
Revinue, Defendants- Appellees.
 No. 88-3568.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1988.
Decided Oct. 3, 1988.
 
 Donald J. Strable, appellant pro se.
 Gary R. Allen, William Shepard Rose, Jr. (U.S. Department of Justice).
 James D. McCoy, III, Office of U.S. Attorney, for appellees.
 PER CURIAM:
 
 
 1
 Donald J. Strable appeals from the district court's summary judgment and dismissal of his suit seeking redress under the Convention for the Avoidance of Double Taxation, Dec. 31, 1975, United States-United Kingdom, 31 U.S.T. 5668, T.I.A.S. No. 9682.* In his suit Strable, a United States citizen living in the United States, asserts that (i) the British authorities are unfairly taxing him on income produced in England and (ii) the United States authorities have not done enough to protect him from this allegedly unfair taxation.
 
 
 2
 A review of the record, including the district court's opinion, the magistrate's recommendation, and the briefs submitted by the parties to this appeal, reveals that the district court's determinations that Strable has not stated a claim upon which relief could be granted and that the United States is, in any event, immune from suit, are proper. Accordingly, we affirm the district court's judgment on its reasoning. Strable v. United States Treasury, C/A No. 87-2917-17 (D.S.C. June 10, 1988).
 
 
 3
 Because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process, we dispense with argument in this case.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Appellee suggests this Court lacks jurisdiction because the June 10, 1988 "judgment," see Fed.R.Civ.P. 58, does not reflect the dismissal as to United Kingdom Inland Revinue. While it is true that the judgment does not reflect the dismissal of Strable's complaint, this Court is satisfied that the district judge's order "that the plaintiff's action be dismissed" reflects the district court's intention to enter a final decision in this case. That the "judgment" does not fully reflect this intention does not affect the appealability of the district court's decision nor this Court's jurisdiction over this appeal. See Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978); Lockwood v. Wolf Corp., 629 F.2d 603, 608 (9th Cir.1980) (technical variance between order and judgment does not destroy appellate jurisdiction)
 The district court's order of August 11, 1988, dismissing United Kingdom Inland Revinue, in any event, constitutes a judgment under Rule 58 as to all parties. Construing the district court's June 1988 order as the announcement of decision, Strable's notice of appeal would be deemed timely filed as of August 11, 1988, under Fed.R.App.P. 4(a)(2). Because this Court would have jurisdiction over this appeal under either theory, we need not decide which theory confers jurisdiction in this case.